GOTHARD, Judge.
REVIEW
This matter began as an action for criminal neglect of family against the defendant, Donald Scioneaux, with the allegation that defendant wilfully refused to provide for his minor son, Brandon Scioneaux. The defendant pled not guilty due to lack of paternity and caused blood tests to be taken of himself, the child and the mother, Diane Gebbia.
By agreement of all parties on November 25, 1985, the criminal action was dismissed with the understanding that the State would subsequently file a civil action for paternity and support against the defendant as authorized by LSA-R.S. 46:236.-lB(l)(c), (e). The parties also agreed to use the same blood tests, which resulted in a 97.49% probability of paternity as compared to the random unrelated north American Caucasian population, with the stipula *647 tion that November 25, 1985 would be the date of notice for purposes of a challenge to the tests pursuant to LSA-R.S. 9:397.3A.
After hearing the evidence, the juvenile court rendered a judgment of paternity against the defendant and ordered him to reimburse the State for the cost of the blood tests. Defendant now takes this appeal claiming that the State failed to prove by a preponderance of the evidence as required by LSA-C.C. Art. 209, that Donald Scioneaux is the biological father of the child.
FACTS
Donald Scioneaux and Diane Gebbia lived together for several months in 1976. At some point during that year Ms. Gebbia left the defendant and moved back in with her mother. The defendant admits his sexual relationship with Ms. Gebbia but asserts that the relationship ended in early July of 1976. Ms. Gebbia contends that it was about two weeks after Brandon was conceived that she moved out. Since Brandon’s birthdate is June 11, 1977, conception probably occurred in late August or September of 1976.
Ms. Gebbia testified that the defendant came to visit her in the hospital when Brandon was born. There was also testimony that the defendant was present when the child was baptized. Photographs of the Baptism showing the defendant standing next to the mother and child at the ceremony were introduced into the record, as was the Baptismal Certificate naming the defendant as the father. The defendant admits his participation in the Baptism but contends he was forced to do so by Ms. Gebbia’s brother. Also introduced into evidence was a card which read “Happy Birthday, Son” that was signed “from Donald with love”. Ms. Gebbia’s sister testified that Mr. Scioneaux came to Brandon’s birthday party and brought the card containing money as a gift.
Mr. Scioneaux admitted that he allowed Ms. Gebbia and Brandon to live with him for a short period while Ms. Gebbia was having a difficult time, and that he took Brandon shopping for a toy, but asserts that these gestures were done out of sympathy and were not meant to acknowledge his relationship to Brandon.
The child testified to his relationship with the defendant, recalling a time that Mr. Scioneaux bought him a truck, and took him for visits to Mr. Scioneaux’s parents’ home. The child remembered helping Mr. Scioneaux work on his car on one of his visits.
Alvin Jackson, a witness for the defendant, testified that Ms. Gebbia had dated a man named Jimmy Simon, but he was not sure of the time frame of the relationship.
In addition, the juvenile court considered the results of the blood tests in its determination of paternity. The defendant attempted, at trial, to refute those results by the introduction of expert testimony. An objection by the State was sustained by the juvenile court; however, the testimony was permitted as a proffer.
LSA-R.S. 9:397.3 provides, in pertinent part, as follows:
A. A written report of the results of the initial testing, certified by a sworn affidavit by the expert who supervised the tests, shall be filed in the suit record. A notice that the report has been filed shall be mailed by certified mail to all parties by the clerk of court or shall be served in accordance with Code of Civil Procedure Article 1314. A party may challenge the testing procedure within thirty days of the date of receipt or service of the notice.
B. If the court finds there has been a procedural error in the administration of the tests, the court shall order an additional test made by the same laboratory or expert. If there is no timely challenge to the testing procedure or if the court finds there has been no procedural error in the testing procedure, the certified report shall be admitted in evidence at trial as prima facie proof of its contents, provided that the party against whom the report is sought to be used may summon and examine those making the original of the report as witnesses under cross-examination.
*648 FINDINGS
In this case the record reveals that no timely challenge was made to the testing procedure. Further, the report is certified by a sworn affidavit by G.L. Ryals, Jr., Ph.D. the director of the testing facility, stating that the tests were done in accordance with protocals published by the American Association for Histocompatibility and Immunogenetics and the American Association of Blood Banks.
Pursuant to LSA-R.S. 9:397.3B, since there is no procedural error in the administration of the tests and no timely challenge to the testing procedure, the juvenile court was correct in admitting the tests into evidence, subject to the defendant’s right to summon and cross-examine those making the report. Defendant did not assert that right. Therefore, we decline to view the proffered testimony of defendant’s expert.
The defendant also contends that a proper chain of evidence was not established by the State. This argument is without merit since the report contains signed chain of custody statements showing when the samples were received by the laboratory and certifying that there was no evidence that the packages were opened. We find, therefore, that the blood tests, showing a 97.49% of probability of paternity were properly admitted. We further find that, considering the totality of the circumstances, the juvenile court could have reasonably found paternity by a preponderance of the evidence. LSA-C.C. art. 209.
Consequently, the judgment of the juvenile court declaring Donald Scioneaux to be the biological father of the minor child, Brandon James Scioneaux, and ordering Donald Scioneaux to reimburse the State for the costs of the blood tests is affirmed.
AFFIRMED.